UNITED STATES of America

v.

Wade A. JOLLIFF, Jr.

Crim. A. No. N–80–0461.

United States District Court, D. Maryland.

Oct. 22, 1981.

Catherine C. Blake, Asst. U. S. Atty., Baltimore, Md., for the Government.

Henry E. Weil, Rockville, Md., for defendant.

MEMORANDUM

NORTHROP, Senior District Judge.

Defendant, Wade A. Jolliff, Jr., is charged in a six-count indictment with im-

personating an officer of the Central Intelligence Agency and mail fraud. In view of the fact that this case involves classified information, it falls under the purview of the Classified Information Procedures Act, Pub.L.No. 96–456, 94 Stat. 2025 (1980) (hereinafter, CIPA), Section 9 of which provides that the Chief Justice of the United States shall establish procedures for the protection against unauthorized disclosure of classified information in the custody of federal courts. Pursuant to this provision, Chief Justice Burger promulgated *Security Procedures Established Pursuant to Pub.L. 96–456, 94 Stat. 2025, by the Chief Justice of the United States for the Protection of Classified Information* (hereinafter, Security Procedures), effective March 30, 1981.

Presently before the Court is defendant's constitutional attack, by motion to dismiss, on Section 5 of the Security Procedures which provides:

5. *Persons Acting for the Defendant.* The government may obtain information by any lawful means concerning the trustworthiness of persons associated with the defense and may bring such information to the attention of the court for the court's consideration in framing an appropriate protective order pursuant to Section 3 of the Act.

Defendant claims that this provision violates his sixth amendment right to counsel and defense counsel's fourteenth amendment due process rights. The Government asserts, in opposition, that no action has been taken that infringes on the rights of defense counsel or the defendant's constitutional right to counsel. Since counsel for the Government and defendant have waived oral argument, the Court will rule on the pending motion without a hearing. Insofar as defendant incorporates the contentions of his earlier motion to dismiss, contesting the constitutionality of the CIPA, this Court reaffirms its ruling of May 27, 1981, upholding the CIPA.

As for defendant's arguments regarding the constitutionality of Section 5 of the Security Procedures, the Court, again, finds defendant's position without merit. It appears that defendant is challenging Section 5 as the source of the authority pursuant to which the Court ostensibly "instructed" defense counsel to obtain security clearance. First, it is clear that the Court has not "instructed" or ordered defense counsel to undergo the security clearance procedure as a precondition to representation of the defendant. As with Mr. Iamele, defendant's prior counsel, the Government has offered to initiate the security clearance process for Mr. Weil, defendant's current attorney. In any event, Section 5 does not provide the Court with authority to make submission to a security clearance a prerequisite to representation of a defendant in a case involving classified information. It merely provides the Government with the optional apparatus for gathering data relating to the trustworthiness of defense counsel and his associates "by any lawful means," and for bringing such information to the Court's attention. As such, the Court is of the opinion that the actions taken to date to ensure compliance with the CIPA and the Security Procedures, specifically Section 5, have in no way had an impact on or interfered with defendant's sixth amendment right to counsel. Moreover, in its opinion of May 27, 1981, this Court upheld the constitutionality of the sections of the Classified Information Procedures Act that have the greatest potential impact on the defendant-counsel relationship—that is, Sections 4 and 6, dealing with limitation of defendant's rights to discover classified information.

Finally, the Court will not address defendant's argument that Section 5 of the Security Procedures violates the due process rights of his counsel. Defendant does not have standing to raise defense counsel's due process rights, and defense counsel does not have standing to challenge the constitutionality of Section 5, on his own behalf, in this action.

For the aforegoing reasons, the defendant's motion to dismiss will be denied. A separate Order will be entered herein to confirm the rulings set out in this Memorandum.